here. You hear you. This honorable appellate court for the Second District is now open. The Honorable Justice Robert D. McLaren presiding, along with Justices Mary S. Shostak and Joseph E. Burkett. The case is number 220-055, People of the State of Illinois, Plaintiff Appellee versus Michael E. Smith, Defendant Appellant. Arguing for the appellant, Jed Stone. Arguing for the appellee, Barry W. Jacobs. Thank you, Mr. Stone. You have 15 minutes. You may proceed. May I address the court seated, or would you prefer I stand? I'm sorry? May I address the court seated, or do you prefer that I stand? You can. Whatever your preference is. I'm afraid that if I stand, you'll get only half of my head in the screen. May it please the court. My name is Jed Stone, representing the appellant, Michael Smith. Judges, this is an unusual case in that the trial court committed a sentencing error when she sentenced Michael to counts two and three of an indictment, aggravated DUI. She sentenced the defendant after a hearing in aggravation and mitigation, arriving at a for count three, both within the sentencing parameters as prescribed by the legislature. Her error was that she sentenced the defendant consecutively to six and then six consecutively. Because of the principle of one act, one crime, this was error. It was a single act, a single sentencing range. She vacated the sentences sua sponte and attempted, and ultimately, Judge Coppedge, who replaced her after she retired, resentenced the defendant to nine years. Of course, nine is greater than six. The history of the court's analysis of consecutive sentencings is quite interesting. In Carney in 2001, the Illinois Supreme Court said, each conviction results in a discrete sentence that must be treated individually. Each sentence must be treated individually. The six year sentence and the six year sentence were individual sentences. In 1995, in Kilpatrick, the court recognized that you cannot increase a sentence once it's been imposed. This, of course, is codified at 730 ILCS 5-5-8-1C. In 2019, in the the manner in which a sentence is to be served, not the actual sentence itself. So that the sentences in Mr. Smith's case were six years for aggravated DUI and six years for aggravated DUI, which either merged into a single sentence or, if not merged, were to mandatorily be served concurrently. Mr. Stone, wouldn't the intent, what the intent of the judge was to render a sentence, isn't that relevant if the judge's intent was to give him 12 years, give her 12 years, and is the nine years less than the 12? Well, nine years is obviously less than 12, but the judge's intent is not the issue. The issue is what was the sentence that was imposed. She could have sentenced Mr. Smith to nine years or 10 years or 12 years, but she chose to sentence him to six years. And the six-year term that was imposed becomes a fixed fact, which cannot be increased unless, of course, there's evidence at a resentencing that Mr. Smith committed some act or acts that aggravated the original sentence. That was not the case here. Mr. Smith was and is a model prisoner, and there was no aggravation. As you mentioned, Mr. Stone, corrected an error because it was a void sentence. The sentence were not to be served consecutively, right? Is that correct? Judge Briquette, I'm glad that you said the word void sentence because the people relied on People v. Harper, a 2003 Fourth District Appellate Court opinion, having to do with the void sentence doctrine. But in 2015, our Supreme Court in Castleberry put an end to the void sentence doctrine. We don't have void sentences in Illinois anymore. If there was a sentencing error, the remedy was not to void the sentence, but to correct the error, and the six-year sentence to run concurrently. The defendant was admonished that he was facing 24 years, a possible sentence of 24 years when he was admonished in 1948, correct? He was. Of course, I'm sorry. Nine years, correct? The judge ultimately sentenced him to nine years. I think that's, I'm sorry. There was no motion to withdraw the plea, was there? There was a motion to withdraw the plea, and that motion was denied. Wasn't it a motion to vacate? Was it both? It was both. I'm sorry, Judge, I didn't hear what you said. That's the deficient certificate that you filed? The certificate that I filed was insufficient and did not comply with Rule 604D. We briefed that question, and I've confessed that. Do we have to remand it for you to comply with 604 before we proceed here? I don't think so. The reason I don't think so, I mentioned in my argument in the supplemental brief, the purpose of a 604D certificate is to make sure that the trial court is fully apprised of the errors in the case, and that the defendant has been apprised and allowed to discuss his own contentions of error, and that the trial lawyer or the lawyer representing the defendant in trial court had read the record and looked at the court's file. I had done all of those things, and it's clear from my argument to the court, because I make references to the court record and to the transcripts before the court, that that was done. I confess that it was an error for me to not file a proper 604D certificate, but the purpose of the rule was met. The court was fully apprised, the defendant fully understood the issues, and the record had been fully reviewed by me, both as counsel at the trial court post-sentencing and here on appeal. The people have concurred with that argument, and I think it would be, while I don't minimize the obligation of a trial lawyer to comport with the rule of 604D, I think it would be putting form over substance in this case, narrowly in this case, because it's so clear from the record that I had reviewed the record below, that I had read the transcripts, that I did consult with my client. Yes, Justice. It wouldn't be judicially economic to just send it back? Is that what you're saying? And then come back with the exact same arguments that you have here today? That's what you'd be asking me or some other counsel to do, is file the identical motions raising the identical issues with likely the identical results and be back in front of you in a year. We said in People v. Herrera that we may not look at the record to secure a deficient certificate. So how can we look at the record on appeal and secure a deficient certificate if we cannot do so in the trial record? I'm sorry, Justice Briquette, I don't understand your question. We can't secure a deficient certificate by looking at the record. So the state argues that if we reject your argument and its argument, and we have to remand this case, that the defendant should be entitled to new counsel because you filed a deficient certificate and you may have missed other issues. How do you respond to that? Well, my first self-serving response to that is I didn't miss any other issues. This is the sole issue in this case. And my suggestion is if the court is inclined to require a new 604D certificate, I would ask leave of this court to file one in Stanter in the trial court, non-proton today to the date of the original 604D certificate. Only this time, make sure that the words of my 604D certificate are exact from the order from the 604 rule itself. That I think would solve the problem if the court wished. Absent that, I think that the court could just say that the purposes of 604D were by the record in this case, and that in the interest of judicial economy, there is no need to send this back to the trial court. Judge Prager misunderstood the sentencing laws of our state. She retired from the bench and the case was taken over by Judge Coppedge, who conducted a hearing in aggravation and a hearing in mitigation, and sentenced Mr. Smith to nine years. Three years less than the aggregate 12 that was imposed by Judge Prager. And surely we were grateful for that. But three years more than the sentence that was really imposed by Judge Prager, which is six and six to be run consecutively. Remember the instruction of the Supreme Court, the sentences are determined, the consecutive sentence determined the manner in which the sentence was served, not the actual sentence itself. The actual sentence itself, according to Illinois law, is six years. And six years, which must run concurrently. We've talked about the void sentence rule. Castleberry took away the void sentence rule from the state of Illinois yesterday. That was in a different context, Mr. Stone. It was in a different context. But nevertheless, the Supreme Court said that Castleberry ends the void sentence rule. Next, with respect to raising an issue of sentencing when it's, there's no jurisdiction in the trial court and the appellate court addressing it. This is different. This is a case where the trial court recognized her error and then corrected her error.  Her error was to make a six year sentence to run consecutively with a six year sentence. Remember, the instruction of our Supreme Court is that it is a consecutive nature is how the sentences to be served, not what the sentence is. And given that she could have sentenced this fellow anywhere from what two to 12 years, and chose six as the appropriate sentence after hearing aggravation, after hearing mitigation, and then sentenced him to six again on the other count, she has set a sentence. And of course, our statute says that sentence cannot be increased unless there's been post sentencing aggravation. And of course, there was none in this case. Mr. Stone. Judge. Was this plea negotiated? It was not a negotiated plea. She had, it was an open plea, but it wasn't a negotiated plea. So you were not required to withdraw the plea before you appealed this case. Is that correct? That's correct. And it's your position that you looked at all the record that existed at the time, even though your certificate seemed to indicate an ambiguity as to whether or not it actually existed in its entirety. I think I can explain that. And again, that's my error, my mistake. The original 604 D certificate was to have been filed when Judge Prather was still the judge, and for which we had no transcripts of the sentencing hearing. Have you consulted with your client regarding whether or not he wishes to withdraw his plea? Yes, he does not wish to withdraw his plea. He wished to withdraw his plea at the time. It is not his current desire to withdraw his plea because he believes that a correct result from this appeal would be a six year sentence under truth and sentencing. Thank you. Your time is up. Are there any other questions? Thank you, judges. Thank you. Okay, I'm sorry. My phone is making noise. Mr. Jacobs, you may proceed. You have 15 minutes. Thank you. Good morning. May it please the court and counsel. I'm Barry Jacobs representing the people as Eppley in this case. This case presents an interesting question concerning whether a court within 30 days of judgment can modify an illegal sentence, sentencing order that entered and give effect to its original sentencing intent. Here, the court fashioned a sentence, as Mr. Soon says, whereby the defendant would serve an aggregate term of 12 years. That was six years on each conviction for aggravated DUI. And that was a reason sentencing decision by Judge Prather, taking into account that there were two victims who suffered serious debilitating harm here, as well as the fact that the defendant had a very poor rehabilitative potential of having been convicted of DUI and driving a license revoked many times in the past, or several times in the past. However, the sentence that the Judge Prather fashioned, the two consecutive six-year terms, did not conform to the law. We know this from the Lavalier case, that only one aggravated DUI conviction could be entered in this case. When Judge Prather realized that the sentence she imposed could not be imposed, she suspended, vacated that sentencing order and sought to sentence the defendant anew to a lawful sentence that would give effect to her intention that the defendant serve a 12-year term. Mr. Stone talks about the error being that the nine-year sentence is greater than six. But in this case, there simply wasn't an increase because the nine-year sentence imposed by Judge Coppedge was less than 12 years. How do you respond to Mr. Stone's argument that you have two distinct acts, or two distinct charges, one of those charges, they had to be merged, and now you're exceeding what the legitimate conviction was given, the six years. How do you go over the six years? And does the intent of the judge's sentencing order come into play here? Is it relevant? I would say that it is relevant in this case. This case is distinguishable from literally every other case that both Mr. Stone and I cited, because in this case, as I said, the sentence could not be imposed by operation of law, that those two convictions had to merge. So this was not a sentence that could ever be served. In Amons, this court found that, it wasn't exactly on par, but a sentence of four years probation was a sentence, albeit light, that could be served so that the court's subsequent imposition of a four-year term after reconsideration was an increase, but that's not the case here. So there needed to be another sentencing hearing? The way it was structured by Judge Prather, it did appear that she intended to conduct a new sentencing hearing, yes. It was a new sentencing hearing conducted when the second judge took the case. Yes, he fully conducted a hearing at which other evidence and mitigation was presented, and he arrived at a reasoned decision that the defendant should be sentenced to a nine-year term. So actually, the defendant had the benefit of that as well. But basically, the people are submitting that the court acted properly here. The prohibition against increasing the sentence doesn't apply because the court never reconsidered its original sentence. The court was correcting an illegal, invalid sentence that could not be imposed. And there was no impermissible increase of the sentence because the nine-year sentence was less than that was originally intended by Judge Prather. Mr. Jacobs, talk to us about 604D and whether or not we can even get to this issue in light of the fact that Mr. Stone has conceded that his 604D certificate was insufficient. As I say in my brief, and Mr. Stone acknowledges, these are somewhat unique circumstances, or very unique circumstances, I guess, where appellate counsel is the counsel that represented the defendant through all stages, including the guilty plea hearing and sentencing in the lower court. And as I also argue, and Mr. Stone seems to agree this morning, this elevates form over substance. The appellate counsel has represented both in his briefing here today that he reviewed all reports of proceedings from the entry of the guilty plea, from the sentencing hearing, presented only relevant bases. It's our position, which he agrees with, that this fulfilled the requirements and the purpose of Rule 604D. Do you believe a proper filing of a 604D would eliminate any further issues? And would that have to be filed at the trial court? Or could he file it at this court? Well, the suggestion that he could file in this court doesn't eliminate the problem that I also identified, that he's basically indicating or arguing his own ineffectiveness for not filing in this case. It would be our position that the proper remedy, if the court determines that counsel's representations are not sufficient to cure the defect in the certificate requirement, that this case be remanded and that the defendant be allowed to seek new counsel. Because this just protects the defendant's right to be free of conflict in his representation. What if the defendant doesn't want new counsel? He may not, but at least that could go forward on the record or be placed on the record. But I do think this opens it up if Mr. Stone, either here today or in the trial court, files a 604D certificate. There's still a question of whether or not the review was efficient by Mr. Stone. He represents that it was. But I still can see an avenue where a defendant might later allege that Mr. Stone was ineffective. And I think that allowing him to retain counsel, if he so desires, would minimize that. Isn't the case law pretty clear, Herrera, in other cases that we cannot look at the records to correct the deficient certificate? That is clear, yes. Then why do you agree with Mr. Stone? I think these are unique circumstances, as I said, where Mr. Stone has made representations in his brief and today that he has done everything to comply with Rule 604D's requirements about reviewing the record. With respect to 604D, once he files a compliance certificate, isn't he entitled to a new hearing? Yes. So you, by allowing him to file a certificate now, would deprive him of a new hearing? I'm sorry, I missed that part of your question. I'm looking at it. Of a compliance certificate now, would deprive him of a new hearing, right? Would deprive him of a new hearing? Yes, I agree. I don't know where I was, but as I said, the court here was correcting a mistake. And the original sentence imposed by the court of consecutive six, yeah, the six-year terms could not be served. The court's order vacating that nonconforming sentence to give effect to its intended sentence of 12 years wasn't within the ambit of the statute. Of the statute prohibiting any sentence increase upon reconsideration. The simple truth is that the court simply wasn't reconsidering its sentence. It was correcting its error, as I initially alluded to. If there are no further questions, I'll yield the balance of my time. Thank you. Any other questions? Thank you, sir. Thank you. Mr. Stone, you have five minutes for rebuttal. I doubt that I'll take that long, but thank you, Judge McLaren. I, Mr. Jacobs has argued that the sentences that were imposed by Judge Prather, in his words this morning, could not have been imposed. That's simply not the case. Illinois law is clear that consecutive sentencings determine the manner in which a sentence is to be served, not the actual sentence. The actual sentence, and I think Judge Shostak hinted at this, the actual sentence that was imposed was a six-year sentence after hearing all mitigation and all aggravation, and a six-year sentence. That's a six-year sentence under truth in sentencing, and the manner in which she wanted those sentences imposed, the sentences that she arrived at, six and six, was in improper manner, the consecutive sentence. Mr. Stone, the manner in which they were given, they were imposed was incorrect. That's correct. Because you put them in consecutive sentences. But again, the intent, clearly her intent was that he get 12 years as opposed to six, correct? So, doesn't the argument have some intuitive appeal, if you will, that the nine years was certainly less than the 12 she intended to give? Well, yes, except she didn't, what she intended is a little bit of reading tea leaves. We're kind of stuck with what she said, not what she wanted. And what she said was, on count two, you're to serve six years. On count three, you're to serve six years. Now, she could have said eight, she could have said 12, she could have said nine, but she said six, after listening to all of the aggravation at the sentencing hearing. And by the way, I'd like to correct one thing that Mr. Jacobs said, I was not the lawyer on the plea. I came in after the plea, after the sentence, in an effort to correct the consecutive nature of the sentence. But by the time I got to court, the judge had corrected it herself. But I was not the plea lawyer. I really don't think this case is a conundrum or confounding. If it is true that consecutive sentences determine the manner in which a sentence is to be served, not the actual sentence, and if the actual sentence is six years and six years, and if it must be served concurrently, then Judge Coppedge committed error when he increased a six-year sentence, despite the fact that a court cannot increase a sentence once it has been imposed according to Illinois statute and the case law and Supreme Court case law in Pierce v. North Carolina. With that, judges, I have nothing further in rebuttal. Thank you. Any other questions? No. May I just say that it's a pleasure arguing before court in the year of COVID. This is the first time I've put on a suit in 12 months, and I'm so happy to have been here. Thank you. I think this is the second time I've put a robe on. We will take the case under advisement and a disposition rendered in apt time. Mr. Clerk, will you please close out the proceedings? Thank you.